# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 19, 2018 Session

## ADRIANE ALLEN v. AMERICAN YEAST, INC., ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT-003101-12  Gina C. Higgins, Judge

_____

### No. W2017-00874-COA-R3-CV

_____

This appeal involves a post-mediation agreement reached between a plaintiff and the defendants following a car collision in Memphis, Tennessee. After the agreement was executed, the plaintiff refused to perform under the contract. The trial court determined that the agreement was an enforceable contract and ordered compliance with its terms. The plaintiff continued to refuse to perform, and the defendants filed a motion to hold the plaintiff in civil contempt. The plaintiff's counsel filed a motion requesting the trial court to require the defendants to interplead the settlement funds despite the plaintiff's non-performance. The trial court denied the motion for civil contempt, granted the motion for interpleader of the settlement funds, and dismissed the case with prejudice. On appeal, we conclude that the plaintiff lost the ability to appeal the validity of the post-mediation agreement by failing to file a timely appeal. We further conclude that the trial court erred in considering the motion to interplead the settlement funds filed by the plaintiff's attorney but affirm the trial court's final order in all other respects. We, therefore, vacate in part, affirm in part, and remand for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part, and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Jeffrey E. Nicoson, Ronald L. Harper, and M. Shawn Cardwell, Memphis, Tennessee, for the appellants, American Yeast, Inc., and Crystal June Stark.

Adriane Allen, Little Rock, Arkansas, pro se.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

In August 2011, Adriane Allen of West Memphis, Arkansas, was traveling on Interstate 240 in Memphis, Tennessee, when a truck collided with her car causing her car to spin and ultimately strike a guardrail. The driver of the truck was Crystal Stark, an employee of American Yeast, Inc. (collectively "American Yeast"). As a result of the impact, Ms. Allen's vehicle had to be towed from the scene, and according to Ms. Allen, the impact caused her to suffer a brain injury.

Two days after the accident, Ms. Allen executed a general durable power of attorney in favor of her mother, Evelyn Allen, which gave Evelyn Allen "full power and authority" to "exercise [the] legal rights and powers" of Ms. Allen. Specifically, the executed document allowed Evelyn Allen "[t]o engage in any . . . legal proceedings or lawsuits in connection with any matter herein," and it was to remain in effect until Ms. Allen died or revoked the power of attorney in writing.

On July 17, 2012, Ms. Adriane Allen filed a negligence suit against American Yeast seeking to recover for injuries she sustained in the collision.[1] She claimed that Defendant Crystal Stark "negligently changed lanes[,] str[uck] [Ms. Allen]'s vehicle from the rear[, and] . . . caused [Ms. Allen] to lose control of her vehicle . . . ." She also asserted that the collision caused her to suffer a traumatic brain injury. American Yeast denied that Ms. Stark caused the collision or Ms. Allen's injuries.

The parties mediated the dispute in July 2016 and reached a post-mediation agreement to settle Ms. Allen's claims. The agreement provided, in relevant part:

> The parties hereto having submitted the facts and issues to mediation and the mutually agreed upon mediator . . . and have fully and completely resolved this dispute as follows:
>
> 1. [American Yeast] agree[s] to pay the total sum of $300,000.00 to Plaintiff, Adriane Allen, (subject to court approval), as full settlement of

---

[1] Ms. Allen also named Ryder Systems, Inc. as a defendant in her complaint. According to the complaint, Ryder Systems "owned the motor vehicle that caused the accident discussed herein [and] negligently entrusted Defendant American Yeast Corporation with the motor vehicle." However, Ms. Allen later voluntarily dismissed her claims against Ryder Systems, and Ryder Systems is not a party to the present appeal.

[Ms. Allen]'s claim regarding the above referenced.

2.      [Ms. Allen] by entering into this settlement agreement hereby agrees that [Ms. Allen] will also execute a Release causing [American Yeast] to be released from any and all liability regarding the above referenced.

3.      [Ms. Allen] agrees to execute the necessary documents to cause the dismissal with prejudice of the above referenced as to [American Yeast].

4.      [Ms. Allen] further agrees to indemnify and hold [American Yeast] harmless from the payment of/or any responsibility for any subrogation claims or liens, including but not limited to any Medicare/Medicaid/TennCare claims, (medical or otherwise), related to this matter.  Proof of satisfaction of payment of subrogation claims/liens will be provided to [American Yeast].

5.      [Ms. Allen] warrants that [Ms. Allen] is the party with legal rights to bring and settle this claim and agree to indemnify and hold [American Yeast] harmless from the claims of any third parties, including all liens, (medical or otherwise) who may attempt to assert claims regarding this matter.  [Ms. Allen] agrees to execute a full release in favor of [American Yeast] and any other person who claim [sic] to be liable for the injuries of [Ms. Allen].

6.      [American Yeast] pay[s] all mediation and court costs, but no discretionary costs.

The post-mediation agreement was signed by American Yeast's counsel, Ms. Allen's counsel, and Ms. Allen's mother, Evelyn Allen, pursuant to the power of attorney executed in 2011.  Ms. Allen, though she was present, did not personally sign.  On August 15, 2016, Ms. Allen notified her attorney that she had revoked the power of attorney immediately following the mediation.

The parties filed a joint notice of settlement with the court on August 26, 2016. Thereafter, American Yeast prepared and submitted a proposed release to Ms. Allen, as was contemplated in the post-mediation agreement, to release American Yeast of liability relating to the accident.  Despite evidence that her attorney encouraged her to sign the release, Ms. Allen refused.  According to one e-mail exchange between Ms. Allen's counsel and American Yeast's counsel on August 30, Ms. Allen's counsel explained that "[u]nfortunately my client is up and down with her position . . . . [S]he keeps flipping and flopping . . . ."  As a result, American Yeast filed a motion to enforce the post-mediation agreement, seeking a court order enforcing the agreement and/or dismissing the case with

prejudice due to Ms. Allen's failure to comply with the terms of the settlement.

The trial court held a hearing on the motion on October 31, 2016. Ms. Allen testified that she was competent at the time of mediation and that her mother did not have her permission to make decisions for her. Ms. Allen further testified that at the mediation she unequivocally rejected American Yeast's settlement offer.

Even so, by order entered on November 15, 2016, the trial court granted American Yeast's motion. The court specifically found that Ms. Allen's mother, Evelyn Allen, "had the legal authority to sign the Post Mediation Agreement on behalf of [Ms. Allen]" and that the "Post Mediation Agreement is an enforceable, valid contract as a matter of law." The order further stated: "The Parties are bound by the terms of the Post Mediation Agreement, and the Court expects the Parties to adhere to its terms and finalize all necessary conditions to settle this case under those terms." Ms. Allen did not seek to appeal the trial court's November 15, 2016 order.

Ms. Allen continued to refuse to comply with the trial court's order. On January 9, 2017, her attorney filed a motion seeking an order to compel American Yeast to disburse the settlement funds and to permit Ms. Allen's counsel to sign the release on her behalf. The trial court denied the motion.

American Yeast filed a petition to hold Ms. Allen in civil contempt. Ms. Allen's counsel then filed a motion requesting that the trial court require Defendants to interplead the $300,000 settlement funds. American Yeast opposed the motion, and Ms. Allen also filed a pro se response opposing her attorney's motion to interplead the settlement funds. According to Ms. Allen, her attorney did not have the authority to request such relief on her behalf because she had fired him in October 2016.

On April 4, 2017, the trial court entered an order denying American Yeast's petition for civil contempt against Ms. Allen, granting the petition to order American Yeast to interplead the settlement funds, and dismissing Ms. Allen's case with prejudice. American Yeast filed a notice of appeal on April 28, 2017.

Thereafter, on May 3, 2017, Ms. Allen's attorney filed a motion to alter or amend the judgment on Ms. Allen's behalf. The motion also sought an order requiring American Yeast to pay a $300,000 bond. Ms. Allen, again acting pro se, filed a "Petition for Writ of Mandamus" the following day and later filed an additional pro se motion. By order entered on August 17, 2017, the trial court permitted Ms. Allen to withdraw her attorney's motion and denied her remaining motions.

## II. ISSUES PRESENTED

American Yeast raises the following issue for review on appeal:

1. Whether the trial court erred in granting Ms. Allen's petition to order the interpleader of the conditional settlement funds.

In her posture as appellee, Ms. Allen likewise challenges the trial court's decision to require American Yeast to interplead the settlement funds—albeit for different reasons—and also raises two additional issues:

1. Whether the trial court erred in granting American Yeast's motion to enforce the post-mediation agreement.

2. Whether the trial court erred in dismissing Ms. Allen's case with prejudice.

For the following reasons, we vacate the decision of the trial court in part, affirm in part, and remand for further proceedings.

## III. DISCUSSION

### A. Enforcement of Post-Mediation Agreement and Dismissal with Prejudice

At the outset, we address Ms. Allen's arguments that the trial court erred in granting the motion to enforce the post-mediation agreement in its November 15, 2016 order and that the court erred in dismissing her case with prejudice. Specifically, Ms. Allen argues that the trial court erroneously concluded that her mother had the authority to execute the agreement on her behalf and that the agreement was an enforceable contract. Although Ms. Allen acknowledges the 2011 power of attorney granting her mother authority to act on her behalf, Ms. Allen contends that she was present and competent at the 2016 mediation and vehemently expressed her rejection of the settlement terms. Consequently, Ms. Allen argues that the trial court erroneously dismissed her case with prejudice because she "ha[d] a legitimate reason for refusal to sign a release to a settlement [to which] she has not agreed."

Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, "every final judgment entered by a trial court . . . is appealable as of right," Tenn. R. App. P. 3(a), and in an appeal as of right, a party's notice of appeal required by Rule 3 "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from," Tenn. R. App. P. 4(a). If the notice of appeal is not timely, this Court

5

lacks subject matter jurisdiction to hear it. *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998) ("[T]he time limit is mandatory and jurisdictional in civil cases.")

As we recently explained in *Utopia Place, LLC v. Eastern Properties, Inc.-Bellevue*:

> The subject matter jurisdiction inquiry for appellate courts begins with a determination of if and when a final judgment was entered. The Tennessee Rules of Appellate Procedure define "final judgment" by exclusion. A final judgment is not an "order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Tenn. R. App. P. 3(a). Orders that resolve fewer than all claims or the rights and liabilities of fewer than all the parties are "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* Our Supreme Court has described a final judgment as a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

No. M2014-02196-COA-R3-CV, 2016 WL 4005927 at *3 (Tenn. Ct. App. July 20, 2016).

Here, Ms. Allen has primarily raised issues on appeal relating to the trial court's November 15, 2016 order. As explained above, the court concluded in the November 15, 2016 order that Ms. Allen's mother had legal authority to sign the agreement on her behalf and that the agreement was an enforceable contract. The court, therefore, ordered Ms. Allen to sign the release, thereby performing under the contract's terms.

Moreover, under the terms of the agreement, the parties settled *all* of Ms. Allen's claims against American Yeast stemming from the 2011 collision, and thus, when the trial court upheld the post-mediation agreement, there were no claims before it left to resolve. Accordingly, we conclude that the trial court's November 15, 2016 order was a final order, and Ms. Allen lost the ability to challenge the validity of the post-mediation agreement after the 30-day time period to appeal expired.[2] Additionally, because the trial court concluded that Ms. Allen and American Yeast had an enforceable agreement fully

---

[2] Although neither party directly addressed this issue in their respective briefs, "[s]ubject matter jurisdiction is a threshold inquiry, which we consider in every appeal irrespective of whether the issue is raised by the parties." *Utopia Place, LLC*, 2016 WL 4005927 at *3 (citing Tenn. R. App. P. 13(b); *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999)).

resolving Ms. Allen's claims, we conclude that the court's decision to dismiss the case with prejudice was proper.

### B. Interpleader of Settlement Funds

American Yeast filed its notice of appeal on April 28, 2017, appealing the trial court's April 4, 2017 order. The notice of appeal, therefore, was timely, and American Yeast properly challenged the trial court's decision therein. So we must next consider American Yeast's argument that the trial court erroneously ordered it to deposit the settlement funds into court. American Yeast contends that the mechanism of interpleader was improperly used in this case. Ms. Allen likewise challenges the trial court's decision to require the funds to be deposited into the court; however, according to her, interpleader of the settlement funds was improper because Mr. O'Neal, her former attorney, had already been fired and did not have the authority to file the motion to interplead the settlement funds on her behalf.[3] Because we agree with Ms. Allen that it was improper for the trial court to consider the motion filed by her former attorney, we need not address American Yeast's argument that interpleader was improper.

In the trial court's April 4, 2017 order, the court acknowledged that Ms. Allen had informed the court of her decision to fire her attorney, finding that she

> expressed to the Court, in direct email communications on October 7, 2016, that she does not desire representation by her attorney of record, Mr. O'Neal. She has expressed this position in testimony as well. She has been inconsistent at various times during the course of this litigation as to whether Mr. O'Neal is her attorney.

Even so, the trial court disregarded Ms. Allen's opposition to her attorney's motion and granted the interpleader requested by Mr. O'Neal on Ms. Allen's behalf.

Although we recognize the trial court's concern that Ms. Allen frequently changed her position concerning her attorney, "[t]he attorney-client relationship is based on contract . . . [,] [and] [c]lients may . . . change their lawyer or alter the scope of their lawyer's authority at any time." *In re Ellis*, 822 S.W.2d 602, 607 (Tenn. Ct. App. 1991). A lawyer only has the authority granted to him/her by the client. At least at the time of the hearing on the motion for interpleader, Ms. Allen made abundantly clear that Mr.

---

[3] Ms. Allen also argues that granting the motion for interpleader was improper because, according to her, the parties never had a valid settlement agreement. In so arguing, she repeats the contentions she made regarding enforcement of the post-mediation agreement, which we have already addressed above.

O'Neal no longer represented her and did not have her permission to file the subject motion.[4] There was no allegation that Ms. Allen was incompetent or otherwise unable to make such a decision. The trial court therefore erred by considering the motion.

Consequently, we conclude that the trial court erroneously granted the motion to interplead the settlement funds. As such, we vacate the court's decision requiring American Yeast to interplead the settlement funds but affirm the April 4, 2017 order in all other respects. We, therefore, affirm the trial court's denial of the motion for civil contempt and dismissal of the case with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, the judgment of the trial court is hereby vacated in part, affirmed in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Adriane Allen, for which execution may issue if necessary.

_____

BRANDON O. GIBSON, JUDGE

---

[4] The record on appeal indicates that Ms. Allen attempted to file, pro se, an opposition to Mr. O'Neal's petition for interpleader. The Shelby County Circuit Court Clerk returned that pleading to Ms. Allen, without filing it, and informed her that since she was "represented by counsel, … [she] cannot file as a pro se litigant unless the attorney has been allowed to withdraw from the case by the court." We know of no authority granting the circuit court clerk the discretion to determine what documents are filed. Regardless, the trial court's order indicates that, despite the clerk's refusal to file her pro se pleading, the trial court was aware of Ms. Allen's termination of her attorney and Ms. Allen's disagreement with the interpleader request.